IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| BILLY RAY RISLEY, # 715659 | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-05-677 |
| | § | |
| DOUG DRETKE, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE-INSTITUTIONAL DIVISION | § | |

**REPORT AND RECOMMENDATION**

Before the Court is the Application of Billy Ray Risley for the issuance of a Writ of Habeas Corpus. Petitioner challenges disciplinary case number 20060005051, in which he was found guilty and punished with thirty days restriction of commissary and recreation privileges; Petitioner's punishment was increased to forty-five days restriction of each at the Step 2 phase of his appeal. The specificity with which he has pleaded his claim makes it unnecessary, in this Court's opinion, to order the records of the challenged disciplinary proceeding from the State Attorney General. Having carefully reviewed Petitioner's Application, this Court makes the following Report and Recommendation to the District Court.

An application for writ of habeas corpus is the proper vehicle in which to protest a disciplinary proceeding that results in the loss of good time credits, which could conceivably lengthen an inmate's duration of confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1972). In this case, however, Petitioner lost no good time, he only suffered a brief loss of privileges. A brief and temporary loss of privileges does not pose an atypical or significant hardship beyond the ordinary incidents of prison life. It merely constitutes a minimal and temporary change in conditions of confinement and, therefore, does not trigger the protections afforded by the Due Process Clause. *See*

1

*Madison v. Parker,* 104 F.3d 765, 767-68 (5th Cir. 1997).   Petitioner has wholly failed to state a claim for which federal habeas relief is available.

For the foregoing reasons, it is the **RECOMMENDATION** of this Court that the Petitioner's Application for Writ of Habeas Corpus be **DENIED and this case be dismissed with prejudice**.

The Clerk shall send a copy of this Report and Recommendation to the Petitioner by the means in place for transmission of same.  The Petitioner shall have until **January 27, 2006,** in which to have written objections **physically on file** in the Office of the Clerk. The objections shall be mailed to the Clerk's Office at P.O. Box 2300, Galveston, Texas 77553. Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this       11th       day of January, 2006.

John R. Froeschner
United States Magistrate Judge